*Seckendraw, J*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FRANCIS SCOTT HUNT and SHUNDRA
CHERI HUNT, individually and as Trustee for
IAN CHRISTOPHER HUNT, PAUL LEWICKI,
LAWRENCE A. MCMAHON and JUDITH J.
MCMAHON, PAUL D. CAVANAGH,
individually and as Trustee for the PAUL D.
CAVANAGH TRUST and VIRGINIA POPE,

                        Plaintiffs,

        v.

ENZO BIOCHEM, INC., HEIMAN GROSS,
BARRY WEINER, ELAZAR RABBANI,
SHARIM RABBANI, JOHN DELUCA, DEAN
ENGELHARDT, and JOHN DOES 1-50,

                        Defendants.

No. 06-cv-00170 (SAS)

USDC SD
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/25/08

KEN ROBERTS,

                        Plaintiff,

        v.

ENZO BIOCHEM, INC., HEIMAN GROSS,
BARRY WEINER, ELAZAR RABBANI,
SHARIM RABBANI, JOHN DELUCA, DEAN
ENGELHARDT, and JOHN DOES 1-50,

                        Defendants.

No. 06-cv-00213 (SAS)

PAUL LEWICKI,

                        Plaintiff,

        v.

ENZO BIOCHEM, INC., HEIMAN GROSS,
BARRY WEINER, ELAZAR RABBANI,
SHARIM RABBANI, DEAN ENGELHARDT,
and JOHN DOES 1-50,
                        Defendants.

No. 06-cv-06347 (SAS)

**STIPULATION AND ORDER FOR THE PROTECTION
AND EXCHANGE OF CONFIDENTIAL INFORMATION**

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby stipulated and agreed by the undersigned parties, and ORDERED by the Court, that the following terms and conditions shall govern the disclosure and use of information in this litigation:

1.  This Order shall be binding on: (a) each named party; and (b) each third-party who receives "Confidential Information" in connection with this litigation. "Confidential Information" shall mean all documents (as defined in Rule 34(a) of the Federal Rules of Civil Procedure and the local rules of this Court), and all other information, including but not limited to deposition or pre-trial testimony, answers to interrogatories, affidavits, admissions, data and other materials and their contents, that are designated as "Confidential" or "Highly Confidential" pursuant to the provisions of this Order, and any reproductions, excerpts, summaries, abstracts or other materials derived in whole or in part from such information or which paraphrase, excerpt or contain Confidential Information. For the purposes of this Order, the term "party" means any natural person, partnership, corporation, association, or other legal entity, as well as its parents, subsidiaries, affiliates, board members, officers, employees, agents, attorneys, and representatives.

2.  To preserve the legitimate proprietary and privacy interests of sources of information, this Order establishes a procedure for disclosing Confidential Information, imposes obligations on persons receiving Confidential Information to protect such information from unauthorized use or disclosure, and establishes a procedure whereby confidentiality designations may be challenged. This Order applies only to information produced or disclosed during the course of this litigation, either by the parties to the suit or by third-parties, that is not otherwise publicly available.

3. All information produced or discovered in this litigation that is is designated as "Confidential" or "Highly Confidential" shall be used solely for the prosecution or defense of this litigation and for no other purpose, unless and until such designation is successfully challenged, and except as provided in Paragraph 19 of this Order.

4. This Order imposes restrictions upon who may receive information produced or disclosed during the course of this litigation that is designated "Confidential" or "Highly Confidential" by the disclosing party.

5. The designation "Confidential" shall be limited to personal financial information or identifiers, or information that the disclosing party reasonably believes to be a trade secret, or of a produced or disclosed in this litigation nature, or other confidential research, development, financial or commercial information the disclosure of which would seriously prejudice the interest of the producing party or any other person to whom the producing party has an obligation to hold the information confidential. The designation "Confidential" shall also include Confidential Information that the disclosing party reasonably believes is nonpublic and of a sensitive personal or commercial nature, or should otherwise be subject to "confidential" treatment.

6. The designation "Highly Confidential" shall be limited to Confidential Information which the producing party or non-party reasonably in good faith believes to be so sensitive that it is entitled to extraordinary protections. "Highly Confidential" designations are to be limited to only that information proprietary to the disclosing party the disclosure of which may be materially damaging and/or highly prejudicial to the disclosing party if such information were to be disclosed only on a Confidential basis as provided for herein.

3

7. To designate information "Confidential," or "Highly Confidential," a disclosing party must so mark it. Either designation may be withdrawn by the disclosing party. The disclosing party must mark each page of each document and/or each significant component of each object containing Confidential Information with the appropriate designation as required. A cover letter may be used, if appropriate, to designate computerized data as "Confidential" or "Highly Confidential."

8. The failure to designate correctly any Confidential Information produced or disclosed in this litigation does not waive the confidence otherwise attaching to the Confidential Information. Upon a disclosing party's discovery that information was incorrectly designated, that disclosing party shall provide notice to the other litigants that the information was inappropriately designated. The disclosing party shall then have seven (7) business days in which to redesignate the information. In the interim, the information may not be used in a manner inconsistent with the notice.

9. Inadvertant production of information that a disclosing party later claims should not have been produced because of a privilege, including but not limited to the attorney-client privilege or work product doctrine ("Inadvertently Produced Privileged Document"), will not be deemed to waive any privilege. Upon discovery by a disclosing party that it has produced an Inadvertently Produced Privilege Document, the disclosing party shall promptly notify all parties to which such information was produced. A disclosing party may request the return of any Inadvertently Produced Privileged Document by identifying the information inadvertently produced and stating the basis for withholding such information from production. If a disclosing party requests the return, pursuant to this paragraph, of any Inadvertently Produced Privileged Document in the custody of another party, the possessing party shall within three (3) business

4

days return to the disclosing party the Inadvertently Produced Privileged Document (and all copies thereof) and shall expunge from any other document or material any information reflecting the contents of the Inadvertently Produced Privileged Document. The party returning such material may then move the Court for an order compelling production of the material, as may be appropriate.

10. Subject to the provisions of Paragraph 12, and except as provided in Paragraph 13, information designated "Confidential" may only be disclosed to:

(a) partners, counsel, associate attorneys and employees of those law firms who are the attorneys of record for the parties in this action or such other attorneys for the parties who have been retained by the parties to assist counsel of record in this matter and to whom it is necessary that the material be shown, disclosed or otherwise communicated for the purposes of this action;

(b) the parties, and those of their directors, officers, and employees to whom it is necessary that the Confidential Information be shown for purposes of prosecuting and/or defending this action;

(c) the Court and judicial personnel, including court reporters (both audio and video);

(d) any witness in connection with such witness testifying or preparing to testify in any deposition or hearing in this litigation;

(e) consulting or testifying experts who have been retained by a party or its attorney of record for the purpose of prosecuting and/or defending this action;

(f) the direct staff of, and any contract support personnel employed or retained by the foregoing persons, provided that they are actively involved in this litigation; and

5

(g) others specifically identified and authorized in writing in advance by the disclosing party.

11. Subject to the provisions of Paragraph 12, and except as provided in Paragraph 13, information designated "Highly Confidential" may only be disclosed to:

(a) partners, counsel, associate attorneys and employees of those law firms who are the attorneys of record for the parties in this action or such other attorneys for the parties who have been retained by the parties to assist counsel of record in this matter and to whom it is necessary that the material be shown, disclosed or otherwise communicated for the purposes of this action;

(b) the Court and judicial personnel, including court reporters (both audio and video);

(c) consulting or testifying experts who have been retained by a party or its attorney of record for the purpose of prosecuting and/or defending this action.

(d) the direct staff of, and any contract support personnel employed or retained by the foregoing persons, provided that they are actively involved in this litigation; and

(e) a non-expert witness at a deposition or other proceeding who either (i) had access to that particular Highly Confidential information in the normal course of business (e.g., an author or recipient of a document) or (ii) is a current or former employee, officer or director of the disclosing party.

(f) others specifically identified and authorized in writing in advance by the disclosing party.

12. All persons and parties to be afforded access to Confidential Information shall first be advised of, and provided with a copy of, this Order. Before receiving any Confidential

6

Information pursuant to Paragraphs 10 or 11 of this Order, the following individuals must also agree in writing, by filling out and signing an affidavit in the form annexed as Exhibit "A", that they, as well as any direct staff or contract support personnel employed or retained by them, will strictly adhere to the terms of this Order:

(a) Consulting or testifying experts retained by counsel in this litigation;

(b) Any witness not otherwise covered under Sections 10(a) or (b) above; and

(c) Court reporters (including audio and video).

Outside counsel shall be responsible for obtaining and retaining the required signatures.

13. A party may utilize Confidential Information in the course of examining a witness during a deposition as follows:

(a) During the deposition of any expert retained by counsel to testify in this litigation, the party conducting the deposition may utilize the Confidential Information provided by any disclosing party.

(b) During the deposition of any non-expert witness, the party conducting the deposition may only utilize: (i) its own Confidential Information; and (ii) the Confidential Information provided by the named party or third-party being deposed. A party's use of its own Confidential Information during such a deposition shall not, standing alone, constitute a waiver of the confidence attaching to that information.

(c) If the Confidential Information of a deposing party is revealed during a deposition of a non-expert witness, the witness (and if the witness is a non-party, his or her counsel as well) shall be prohibited from disclosing such Confidential Information to others or otherwise making any use of such information other than in connection with this litigation.

7

(d) Depositions which utilize or refer to Confidential Information shall be taken only in the presence of persons and parties qualified pursuant to paragraphs 10 or 11 hereunder.

14. Deposition transcripts shall be considered to have been designated "Confidential" for a period of ten (10) business days following service of the official transcript. In the interim, and upon further review of the transcript, the deponent, his counsel, or any other party may redesignate all or portions of the transcript as "Confidential" or "Highly Confidential," which designation shall remain in effect for the duration of this Order, unless successfully challenged. The deponent, his or her counsel, or another party making such a designation must advise counsel of record and the court reporter of any changes to the original designation. The court reporter shall mark the face of the transcript appropriately. If any portion of a videotaped deposition is designated pursuant to this paragraph, the videocassette or other videotape or CD-ROM container shall be labeled with the appropriate legend. Nothing in this paragraph shall prevent a party from making specific designations on the record during a deposition. If such a designation is made during the course of a deposition, any person not authorized to receive that category of information shall be excluded from the deposition until testimony regarding those matters has been concluded.

15. When serving subpoenas on third-parties, a copy of this Order shall be included with the subpoena. The protections afforded disclosing parties under this Order shall be available to all third-parties from whom discovery is sought in this litigation.

16. All pleadings, motions, briefs, memoranda, and related submissions containing Confidential Information shall be filed under seal, unless such sealing is successfully challenged. Confidential Information to be filed with the Court in this action shall be filed by

8

placing the relevant documents in a sealed envelope or other appropriate sealed container which

shall comply with local rules and on which shall be endorsed the caption of this action, an

indication of the nature of the contents of the sealed envelope or other container (without

disclosing the Confidential Information), the word "Confidential" and a statement in

substantially the following form:

> "Contents Under Seal Subject to Protective Order of the Court
> dated March 14, 2008.  This Envelope containing confidential
> information is not to be opened nor the contents thereof displayed
> or revealed except by order of the Court or upon consent of the
> parties."

Confidential Information shall be maintained under seal by the Clerk of the Court.

17. The use of Confidential Information in hearings and other pre-trial

proceedings before the Court shall be subject to the following requirements:

(a) A party may refer to Confidential Information in pre-trial conferences

before the Court, at evidentiary or other hearings, and at trial.  The use of Confidential

Information at trial shall be addressed in the final pre-trial order, except that the words

"Confidential" or "Highly Confidential" shall be removed from documents before such

documents are used at trial.  Such removal of those words solely for use at trial shall not affect

the protections afforded to the Confidential Information itself.

(b) Any party that reasonably believes it will disclose Confidential

Information in any pre-trial proceeding before the Court shall so inform the Court and the

disclosing party at least forty-eight (48) hours in advance of actual disclosure so that the Court

can decide what precautions, if any, are appropriate to protect the disclosing party's Confidential

Information, including: (i) how exhibits containing Confidential Information should be

introduced at the proceeding in order to maintain their confidentiality; (ii) how any references to

those exhibits or other Confidential Information should be made on the record; (iii) how

9

witnesses should be instructed on their confidentiality obligations under this Order; (iv) whether persons who are not authorized to receive Confidential Information should be excluded from those portions of the proceeding that concern such information; and (v) how the pertinent portions of a transcript of the proceeding should be designated. A party's obligation, as set out in this paragraph, is satisfied by that party's explicit citation to the Confidential Information in any papers filed with the Court in connection with the proceeding and received by the disclosing party at least forty-eight (48) hours prior to the proceeding.

18. The following procedures shall govern any challenges to confidentiality designations:

(a) If a party reasonably believes that information produced in this litigation should not have been designated "Confidential" or "Highly Confidential," it must provide the disclosing party with a written objection that identifies the information at issue and states its reasons for questioning the confidentiality designation. The disclosing party must respond in writing by fax, email, or hand delivery such that its response is received within six (6) business days, or within such additional time as is reasonable (taking into account the number of documents or other information in issue) and is agreed to by counsel or ordered by the Court.

(b) If the party challenging the confidentiality designation is not satisfied by the disclosing party's response, it may so notify the disclosing party in writing ("the Objection") and if the disclosing party does not serve a motion to confirm its designation of "Confidential" or "Highly Confidential" within ten business days of its receipt of the Objection, then the Objection will be deemed accepted, and the designation will be modified to suit the Objection going forward. If the disclosing party does timely move to confirm the confidentiality designation, then until the Court rules, the confidentiality designation shall remain in effect. If

10

the Court rules that the information should not be designated "Highly Confidential" or "Confidential," then the original designation shall remain in effect for five (5) business days after the Court's order.

19. Nothing in this Order shall prevent a party from (a) using or disclosing its own information, as it deems appropriate without impairing the confidentiality obligations imposed upon all other parties and persons subject to this Order; or (b) using or publishing any material produced and designated by the adverse party as confidential if the party seeking to use such material obtained it independent of the discovery process, *e.g.*, matters of public record, material already in the party's possession, material publicly disclosed at any time by the producing party, and material that is available from sources other than the producing party; however, in such event, the burden is on the party seeking to use the material to demonstrate that it obtained such material through independent means.

20. This Order shall survive the termination of this litigation. Within sixty (60) days of final termination of this litigation, the parties must return to the disclosing parties or destroy all Confidential Information in their possession, including all originals or copies of documents containing Confidential Information; provided, however, that nothing herein shall require the return or destruction or any work-product of any counsel or paper filed with the Court. When each party has completed its obligations under this Paragraph, it shall provide written notice to that effect to each disclosing party.

21. Nothing herein shall require a party receiving Confidential Information to risk judicial, administrative, or legislative sanction if such material is subpoenaed, demanded, requested, or otherwise asked for by any court, administrative, legislative, or other governmental body, or any other person purporting to have authority to subpoena, demand, or request such

11

information. Any party or person receiving Confidential Information covered by this Order that receives a request or subpoena for production or disclosure of Confidential Information shall give written notice to the disclosing party and to its counsel as soon as practicable, and in all events sufficiently in advance of the return date for production to give the disclosing party an opportunity to object pursuant to the Federal Rules of Civil Procedure or other applicable rules. Such notice shall identify the information sought and enclose a copy of the subpoena or request. In the event that a subpoena, demand or request purports to require production of such Confidential Information on less than five (5) days' notice, the party to whom the subpoena, demand or request is directed shall give immediate telephonic notice of the receipt of such subpoena, demand or request and forthwith hand deliver a copy thereof, to the attorneys for the producing party. The person subject to the subpoena or other request shall not produce or disclose the requested Confidential Information without consent of the disclosing party unless: (a) the disclosing party fails to seek relief from the subpoena or request in a timely manner; or (b) notwithstanding the disclosing party's request for relief, production or disclosure is ordered by a court of competent jurisdiction.

22. All persons and parties who receive any Confidential Information are prohibited and restrained from, directly or indirectly, acquiring, disposing of, purchasing, selling, or transferring (or otherwise participating, advising or making recommendations in connection with the purchase, sale or transfer of) any of Enzo's "securities" as that term is defined by 11 U.S.C. § 1010(49), including, but not limited to, any publicly traded shares of Enzo's stock.

23. This protective order is subject to modification by this Court upon good cause shown by either party to the litigation. Nothing herein shall preclude a party from applying at any time (including, without limitation, after the conclusion of this action) to the Court for (a)

greater protection for Confidential Information than that provided in this Order, including but not limited to seeking a limitation on disclosure of particularly sensitive Confidential Information or (b) relief from (including, without limitation termination of) any or all of the provisions of this Order. The parties shall confer in good faith to reach an agreement on any issues in dispute concerning the meaning, application, or interpretation of this Order prior to any application to the Court for resolution of such dispute.

24. The restrictions set forth in this Order shall supplement any restrictions set forth in other agreements between the parties. Nothing in this Order shall relieve any party from any of its obligations pursuant to its prior agreements. The parties may execute this Order below in any number of counterparts and any signature delivered by facsimile shall constitute an original signature.

Dated: March 14, 2008

Law Offices Of Dan Brecher

By: _____
        Dan Brecher
99 Park Avenue, 16th Floor
New York, NY 10016
(212) 286-0747

Attorneys for Plaintiffs Lewicki,
     Roberts, Pope and Cavanaugh

Morrison Cohen, LLP

By: _____
        Donald H. Chase
909 Third Avenue
New York, New York 10022
(212) 735-8600

Attorneys for the Enzo Defendants

Pepper Hamilton LLP

By: _____
        K. Stewart Evans, Jr.
Pepper Hamilton LLP
600 14th Street, N.W.
Suite 500
Washington, DC 20005
202.220.1230

Angelo A. Stio III
300 Alexander Park
Princeton, N.J. 08543
(609) 951-4125

Attorneys for Defendant Heiman
Gross

SO ORDERED:

_____
Shira A. Scheindlin, U.S.D.J.

Dated: March 25, 2008

14

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

FRANCIS SCOTT HUNT and SUNDRA CHERI
HUNT, individually and as Trustee for IAN
CHRISTOPHER HUNT, PAUL LEWICKI,
LAWRENCE A. MCMAHON and JUDITH J.
MCMAHON, PAUL D. CAVANAGH individually
and as Trustee for the PAUL D. CAVANAGH
TRUST, and VIRGINIA POPE

                                            06 Civ. 00170 (SAS)

                   Plaintiffs,

     v.

ENZO BIOCHEM, INC., HEIMAN GROSS, BARRY
WEINER, ELAZAR RABBANI, SHARIM RABBANI,
JOHN DELUCCA, DEAN ENGELHARDT,
and JOHN DOES 1-50,

                   Defendants.

------------------------------------------------------------------X    **AFFIDAVIT**
                                        **ACKNOWLEDGING**
                                        **PROTECTIVE**

KEN ROBERTS,                               **ORDER**

                   Plaintiffs,

                                       06 Civ. 00213 (SAS)

     v.

ENZO BIOCHEM, INC., HEIMAN GROSS, BARRY
WEINER, ELAZAR RABBANI, SHARIM RABBANI,
JOHN DELUCCA, DEAN ENGELHARDT,
and JOHN DOES 1-50,

                   Defendants.

------------------------------------------------------------------X

STATE OF [          ])
                  ) ss:
COUNTY OF [       ])

      [                ], being duly sworn, deposes and says:

1

1. I live at [insert address]. I am employed as [insert Position or Title] by [Name of Employer]. My telephone number is [insert].

2. I have read the Stipulation and Order for the Protection and Exchange of Confidential Information dated March 14, 2008, which has been entered in the above captioned action ("the Protective Order").

3. I understand and agree that I am bound by the terms of the Protective Order and that my direct support staff and other personnel assisting me in my work on this matter are likewise bound and I have so instructed them or will so instruct them prior to disclosing any confidential information to them. I further understand and acknowledge that any and all Confidential Information (as defined in the Protective Order) will be used by me only in connection with assisting **[plaintiff or plaintiff's counsel]** or **[defendant or defendant's]** counsel in preparing for litigation of the above-styled case or any arbitration or mediation in connection with the dispute between the parties to this action.

4. I agree that I will not disclose the Confidential Information to, or discuss the Confidential Information with, any person other than **[plaintiff or plaintiff's counsel]** or **[defendant or defendant's counsel]** or other persons assisting **[plaintiff or plaintiff's counsel]** or [defendant or defendant's counsel] who have also signed affidavits undertaking to preserve the confidentiality of the information given to them subject to the Protective Order.

5. I agree that, I will not directly or indirectly, acquire, dispose of, purchase, sell, or transfer any of the securities of Enzo Biochem, Inc., or otherwise participate, advise or make recommendations in connection with the purchase, sale or transfer of any of the securities of Enzo Biochem, Inc.

2

6. I understand that any use of Confidential Information obtained by me, including but not limited to documents stamped "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" or any use of any portions or summaries thereof, in any manner contrary to the provisions of the Protective Order will subject me to sanctions of the Court for contempt and to other damages and appropriate sanctions.

7. I hereby consent to the jurisdiction of the United States District Court for the Southern District of New York for the limited purpose of any proceeding to enforce the terms of the Protective Order and my agreement set forth herein.

_____

**[Name of Affiant]**

Sworn to before me this [    ]
day of [    ], 2008.

_____

Notary Public

3